I concur in the holding in this case, but I am compelled to point out that, in my opinion, this Court adopts a different rule for the admissibility of the opinion evidence in this case from what was adopted in the case of Nash v. Cosby,574 So.2d 700 (Ala. 1990), in which this Court followed the "recent trend . . . toward allowing expert testimony that is based upon medical or hospital or psychological records, even in somecases where those records are not in evidence." (Emphasis added.) As I understand the modern trend as adopted in Nash, it is that an expert's opinion can be based partly on medical, psychological, or hospital reports that are not in evidence, if the reports are of a type customarily relied upon by the expert in the practice of his profession. If the modern trend was not adopted in Nash, in toto, then I do not understand why the Court, in that case, cited favorably a criminal case in the federal system, United States v. Partin, 493 F.2d 750 (5th Cir. 1974), in support of its conclusion.
I agree with the majority that Brackin v. State,417 So.2d 602, 606 (Ala.Crim.App. 1982), specifically noted that the trend of permitting an expert to give an opinion based on reports that are not in evidence *Page 131 
"has not been followed in the courts of this state," and that is one of the reasons I joined in the dissenting opinion filed by Justice Steagall in Nash.
This Court has appointed an advisory committee that is now studying our proposed rules of evidence, and I hope that the issue presented here will be addressed by the committee so that this Court can establish a rule that will apply in both civil and criminal cases. In that connection, I would point out that, effective January 1, 1991, when the new Alabama Rules of Criminal Procedure go into effect, Rule 19.2(a) provides that "[t]he law of evidence relating to civil actions shall apply to criminal proceedings, except as otherwise provided by law."[3]
STEAGALL, J., concurs.
[3] As a general proposition, it would appear that the modern trend adopted by this Court in Nash would allow experts to testify concerning conclusions they reached, without having all the documents and things they examined introduced into evidence. This would seem to be especially true in the case of expert opinions in cases involving questions of a person's mental condition, because such opinions are usually based on many facts and observations. It would appear to me that if the adverse party is given the right to a searching cross-examination of an expert, then that party could attack the credibility of an expert's opinion, even if the records upon which that opinion is based are not in evidence. Clearly, the adverse party needs an opportunity to show that an expert's opinion is flawed because it is based on information that might not be credible, but the trial court, it seems to me, could control that by requiring, in the appropriate case, the production of the records upon which an opinion is based, if justice so requires. I still think, however, that Alabama had not adopted the modern trend at the time Nash was decided, and I preferred to wait until the advisory committee working on Alabama's proposed rules of evidence completed its work and made its report, so that this Court, after receiving comments from the bench and bar, could adopt a rule that would apply in both criminal and civil cases. See Rule 19.2(a), Ala.R.Crim.P., effective January 1, 1991.